UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAMADOU BARRY,

                            Plaintiff,

    v.                                          No. 22-CV-3835 (KMK)

ANTHONY C. RUSSO, *et al.*,                ORDER OF SERVICE

                            Defendants.

KENNETH M. KARAS, United States District Judge:

       Plaintiff Mamadou Barry ("Plaintiff"), who is currently incarcerated at Green Haven Correctional Facility ("Green Haven"), proceeding pro se, brings this Action, pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights, in that they failed to protect him from assault and were deliberately indifferent to his serious medical needs resulting from the assault, subjected him to unconstitutional conditions of confinement, and failed to provide him religious meals. (*See generally* Compl. (Dkt. No. 2).) By order dated May 12, 2022, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis. (Dkt. No. 4.) On March 5, 2024, the Court issued an Opinion and Order, ordering the Office of the New York State Attorney General ("NYSOAG") to identify the address at which Defendant Sookdew Ramdeen could be served, pursuant to its obligations under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997). (Dkt. No. 65.) NYSOAG complied with that Order, providing the address where Defendant Ramdeen could be served, on May 29, 2024. (Dkt. No. 75.)

       To allow Plaintiff to effect service on Defendant Ramdeen through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant Ramdeen.

Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package. The Clerk of Court is also directed to complete a USM-285 form with the address for Defendant Ramdeen and deliver all documents necessary to effect service on that Defendant to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: June 24, 2024
White Plains, New York

KENNETH M. KARAS
United States District Judge

DEFENDANT AND SERVICE ADDRESS

Former C.O. Sookdew Ramdeen
Green Haven Correctional Facility
594 Rt. 216
Stormville, NY 12582