UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAMADOU BARRY,

Plaintiff,

v.

ANTHONY C. RUSSO, *et al.*,

Defendants.

No. 22-CV-3835 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Mamadou Barry ("Plaintiff") brings this Action, pro se, against Green Haven Correctional Facility Superintendent Mark Royce, Acting Superintendent Anthony C. Russo, Sergeant Polanco, and Correction Officer Sookdew Ramdeen ("Defendants"), bringing claims under 14 U.S.C. § 1983 for alleged violations of his First and Eighth Amendment rights. (*See generally* Compl. (Dkt. No. 2); Op. & Order (Dkt. No. 65).) In a letter filed on June 29, 2026, Plaintiff requested that the Court appoint counsel on his behalf. (*See* Letter Motion for Appointment of Counsel ("the Application") (Dkt. No. 103).) For the following reasons, Plaintiff's request is denied without prejudice.

Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1).[1] Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this

[1] A litigant may demonstrate that he or she is indigent by successfully applying for leave to proceed in forma pauperis ("IFP"). *See Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *2-3 (S.D.N.Y. May 8, 2020) (concluding the plaintiff demonstrated indigent status where he was proceeding IFP). Because Plaintiff has been granted leave to proceed IFP, he has satisfied a demonstration of indigency. (Order Granting IFP Application (Dkt. No. 4).)

provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). There is a three-step inquiry the Court should consider when analyzing whether the appointment of counsel is appropriate. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203-04 (2d Cir. 2003) (describing "principles" the district court should consider in deciding a motion to appoint counsel).

First, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Second, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Ferrelli*, 323 F.3d at 203 (quoting *Hodge*, 802 F.2d at 61-62); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (explaining pro se

filings should be so construed); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010) (same).

Third, if these threshold requirements are met, the Court should proceed to consider other prudential factors such as

> the [plaintiff's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

In his Application, Plaintiff represents that he has "made many attempts" to secure counsel by writing a "few [l]aw firms" and calling a "few phone numbers." (Pl.'s Application 2.). Plaintiff further represents that the law firms he contacted "all stated that at this time their [o]ffice cannot represent [him]." (*Id.*) But "[t]his minimal description does not provide" the Court "with sufficient information to determine if [P]laintiff has made reasonably diligent efforts to secure counsel on his own." *Gorlin v. John Wiley & Sons, Inc.*, No. 99-CV-10673, 1999 WL 1140869, at *1 (S.D.N.Y. Dec. 10, 1999) (noting the plaintiff's representation that he "was referred to several attorneys," none of whom "would even agree to discuss [his] case with [him]," and concluding this representation was insufficient to allow the court to determine whether the plaintiff had made reasonably diligent efforts to secure counsel); *see also Hall v. Le Claire*, No. 10-CV-3877, 2013 WL 12497377, at *4 (S.D.N.Y. Sept. 6, 2013) (describing the plaintiff's statement that "[e]very attempt to secure counsel ha[s] been denied" as "provid[ing] no details about his actual efforts to secure counsel" and declining to appoint counsel). Plaintiff has also not explained whether he has contacted legal clinics or other non-profit organizations that

could pursue Plaintiff's case pro bono. *See Hesse v. SunGard Sys. Int'l*, No. 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (noting that the plaintiff's failure to contact clinics and non-profits meant the "search was not exhaustive"); *Highsmith v. Gomez*, No. 98-CV-294, 2000 WL 33381018, at *3 (D. Conn. Nov. 30, 2000) ("[The p]laintiff fails to list or otherwise note which, if any, legal aid societies or legal clinics from which he has attempted to obtain counsel.").

Plaintiff further represents that he has not provided evidence of his attempts to secure counsel "due to the Department of Corrections misplacing [his] personal and legal papers during movement." (Pl.'s Application 2.) However, even if Plaintiff provided such evidence and the Court agreed he had exhausted his search for counsel, Plaintiff's attempt to obtain counsel, by itself, does not end the *Hodge* analysis. *See Wright v. Condit*, No. 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 7, 2015) (denying the plaintiff's motion to appoint pro bono counsel despite the fact that he "ha[d] indeed attempted to obtain the assistance of counsel . . . [and] ha[d] provided information indicating that he ha[d] contacted a number of attorneys and legal service agencies").

For the purpose of addressing the request for the appointment of counsel, the Court construes Plaintiff's Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement under *Hodge*. *Johnston*, 606 F.3d at 41 (internal quotation marks omitted). As to the inquiry regarding prudential factors, however, the Court finds that Plaintiff has not demonstrated a need for counsel.

Plaintiff contends he needs an attorney in light of: (i) "difficult[y] locating witnesses, interviewing them, and obtaining affidavits from them"; (ii) "the factual and legal complexity of this case"; (iii) "the ability of Plaintiff to navigate the legal minefield unassisted"; (iv) "limited

access to the [l]aw [l]ibrary . . . consist[ing] of 2 to 3 hours every 8 to 10 days"; and (v) the fact that "Plaintiff is on mental health medication due to the assault that caused Plaintiff to bring this civil action" which would purportedly "hinder Plaintiff from litigating this case at bar adequately." (Pl.'s Application at 1-2.)

Plaintiff's first argument goes to his "ability to investigate the crucial facts." *Hodge*, 802 F.2d at 60-61. The Court previously dismissed Plaintiff's claims relating to conditions of confinement, false Misbehavior Report, and failure to train and supervise. (*See* Op. & Order 31 (Dkt. No. 65).). Plaintiff's core allegations relating to his remaining claims, free exercise and failure to protect, are that he was denied meals consistent with his faith and that he was attacked in a way that was consistent with specific threats Defendants Royce and Russo ignored. (*See id.* at 16, 19-20.). "Because the resulting claims largely concern events that happened in Plaintiff's presence, he has 'intimate knowledge of the facts and circumstances' giving rise to his claim, and counsel will likely not assist in further fact-finding and investigation." *Rodriguez v. Palmer*, No. 21-CV-8078, 2024 WL 3014108, at *2 (S.D.N.Y. June 13, 2024) (quoting *Gill-Drayton v. N.Y. State Educ. Dep't.*, No. 23-CV-10259, 2024 WL 1216728, at *2 (S.D.N.Y. Mar. 21, 2024)); *see also Jackson v. Stewart*, No. 22-CV-7476, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (stating that appointment of counsel was unnecessary for a plaintiff who was physically present during the alleged events in the complaint); *Goodson v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action" and did not demonstrate additional facts could be gathered only through the aid of counsel).

Plaintiff's second and third arguments go to his ability to present his case and to the "complexity of the legal issues." *Hodge*, 802 F.2d at 61-62. But Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Indeed, Plaintiff's "complaint demonstrates a clear and concise statement of the facts, showing his ability to present his case." *Rodriguez*, 2024 WL 3014108, at *1 (quoting *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3, 2006)); *see also Jackson*, 2023 WL 2919036, at *3 (stating that a request for counsel is not warranted when the aid of counsel would not provide additional facts and would not help substantiate the plaintiff's claims). Plaintiff has sent numerous letters communicating with the Court, (*see generally* Dkt.), which further demonstrates Plaintiff's ability to proceed pro se, *see Hodge*, 802 F.2d at 60 (listing a factor for consideration being "[the] plaintiff's apparent ability to present the case"); *see also Maxwell v. N.Y. Univ.*, 407 F. App'x 524, 528 (2d Cir. 2010) ("[T]he district court did not abuse its discretion in denying appointed counsel because [the plaintiff] had demonstrated an ability to file and respond to motions and otherwise to prosecute his action").

Plaintiff's fourth argument about his limited law library access goes to his ability to present his case. *Hodge*, 802 F.2d at 61. Courts have held that "limited access to the law library" alone is not sufficient to "alter the Court's analysis as to the remaining *Hodge* factors." *Bonie v. Annucci*, No. 20-CV-640, 2020 WL 1643893, at *2 (S.D.N.Y. Apr. 2, 2020) (quotation marks omitted); *see also Rodriguez*, 2024 WL 3014108, at *2 (same); *Pierre v. Cnty. of Nassau*, No. 17-CV-6629, 2021 WL 11629178 (E.D.N.Y. Mar. 19, 2021) (same).

Finally, the fact that Plaintiff is on mental health medication is not a "special reason," *Hodge*, 802 F.2d at 62, that merits the appointment of counsel at this time. Of course, mental

conditions can constitute special circumstances supporting an application for the appointment of counsel. *See, e.g., Syville v. City of New York*, No. 19-CV-9988, 2020 WL 9171113, at *1, 3 (S.D.N.Y. May 8, 2020) (finding that the plaintiff had demonstrated special circumstances where, among other issues, physical disability, depression, and post-traumatic stress disorder prevented the plaintiff from adequately litigating the case); *Butler v. Heath*, No. 12-CV-3327, 2012 WL 4494270, at *3 (S.D.N.Y. Sept. 28, 2012) (citing "language difficulties or mental health problems" as examples of "special circumstances" that might merit appointment of counsel). But Plaintiff has not explained why his particular conditions would "present[] a permanent hindrance to him prosecuting his case" and has not presented "any supporting medical evidence" indicating that they would. *See Douglas v. Salotti*, No. 15-CV-636, 2017 WL 1382094, at *1 (W.D.N.Y. Apr. 18, 2017). Nor, considering Plaintiff's submissions thus far, is it clear to the Court that those conditions have impeded him. *Thousand v. Wrest*, No. 14-CV-6616, 2016 WL 3477242, *6 (W.D.N.Y. 2016) ("[W]hile [the p]laintiff contends that his . . . impairment is a factor weighing in favor of appointment of counsel, it does not appear that such impairment has hindered him.").

Accordingly, the Court denies Plaintiff's Application without prejudice to later renewal if circumstances change as the case proceeds. The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 103) and mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED: October 14, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE