UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAMADOU BARRY,

Plaintiff,

v.

ANTHONY C. RUSSO, *et al.*,

Defendants.

No. 22-CV-3835 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Mamadou Barry ("Plaintiff") brings this Action, pro se, against Green Haven Correctional Facility Superintendent Mark Royce, Acting Superintendent Anthony C. Russo, Sergeant Polanco, and Correction Officer Sookdew Ramdeen ("Defendants"), bringing claims under 14 U.S.C. § 1983 for alleged violations of his First and Eighth Amendment rights. (*See generally* Compl. (Dkt. No. 2); Op. & Order (Dkt. No. 65).) In a Motion filed March 10, 2026, Plaintiff stated that he has written "multiple letters requesting information[] and documents" and that Defense counsel "ha[d] not responded [or] provided Plaintiff with the information requested." (Motion for Discovery 1 ("Motion") (Dkt. No. 95).)

In particular, in addition to "all the medical documents prepared at [W]estchester Hospital where Plaintiff['s] surgeries took place," Plaintiff sought the name and contact information of a surgeon who performed two surgeries on Plaintiff, the names and contact information of all nurses that attended to Plaintiff's injuries at Westchester Hospital, and for Defendants to respond to Plaintiff's interrogatories. (*Id.* at 1-3.) Plaintiff requested the information on the surgeon, in particular, so that Plaintiff could "obtain[] an [a]ffidavit from him,

. . . call him as a witness in this case," and obtain "other information[] and documents" not in the possession of the Attorney General's Office. (*Id.* at 1-2.)

In a Letter filed on March 20, 2026, counsel for Defendants informed the Court that the parties had met and conferred regarding "the specific information Plaintiff is seeking" and informed the Court that upon receipt of HIPAA authorization forms from Plaintiff, "defense counsel will promptly obtain and provide Plaintiff with the complete records from both hospitals" at which Plaintiff underwent surgeries. (Letter Motion for Extension of Time to Complete Discovery 1 (Dkt. No. 97).) In this Letter, counsel made no representation as to either (i) the names and contact information requested by Plaintiff, or (ii) Plaintiff's interrogatories, except that "Defense counsel agreed to schedule an additional meet-and-confer with Plaintiff following his review of those records in order to address any further discovery demands he may have, including revised interrogatories." (*See id.*)

In a Letter filed on July 30, 2026, Plaintiff stated that "defendants have not even done interrogator[ies] in this case" and requested that Defendants "complet[e] interrogator[ies] as soon as [possible]." (Letter 2-3 (Dkt. No. 105).)

Accordingly, Defendants are to submit a letter to the Court providing an update on the status of Defendants' discovery obligations no later than Friday, October 23, 2026. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED: October 16, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE